UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHUNHUA LEI, | Case No.  2:26-cv-01664-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| DREW BOSTOCK, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Chunhua Lei is a 40-year-old citizen of the People's Republic of China who entered the United States without inspection approximately four years ago. Dkt. 1 ¶¶ 13–14. Since then, she has worked as a licensed esthetician in Las Vegas, Nevada, where she married a lawful permanent resident in March 2026. *Id*. Petitioner has a limited criminal history. Dkt. 1-5 at 16–24. On March 16, 2026, local law enforcement in Las Vegas arrested Petitioner for felony fraud charges which the District Attorney declined to prosecute. Dkt. 1 ¶ 18; Dkt. 1-4 at 2. Following her arrest, Immigration and Customs Enforcement ("ICE") officers were contacted by local law enforcement. Dkt. 1 ¶ 23. On March 16, ICE took Petitioner into custody and transferred her to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id*.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On April 30, 2026, Petitioner had a bond hearing before an Immigration Judge ("IJ"). Dkt. 1-1 at 2. She was represented by counsel who filed a 55-page brief on her behalf that included letters of support from her spouse and members of her community. Dkt. 1-5. The IJ denied bond and recorded the decision on a form that allowed the IJ to check various boxes to indicate the basis of the decision. Dkt. 1-1 at 2. The IJ checked boxes indicating two bases for her decision: first, that she lacked jurisdiction because Petitioner was mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and second, in the alternative, if jurisdiction existed, Petitioner had failed to show she was not a danger to the community or a flight risk. *Id*. The form does not ask the IJ to supply reasons for the decision, and she did not provide any, so it is unknown how or whether the IJ evaluated the evidence presented by Petitioner, nor the burden of proof that the IJ had applied. Dkt. 1-7 at 2-3.

On May 15, 2026, Petitioner filed this petition for a writ of habeas corpus requesting that the Court order respondents to either release Petitioner or provide her with a bond hearing at which "the Immigration Judge shall meaningfully consider [Petitioner's] ability to pay and alternative conditions of release." Dkt. 1 at 19. On June 1, Respondents filed a return to the habeas petition, arguing that bond was properly denied because Petitioner's detention is mandatory under 8 U.S.C. § 1225(b), and in the alternative, that the IJ properly found Petitioner to be a danger and a flight risk. Dkt. 8 at 4–5. On June 3, Petitioner filed her traverse. Dkt. 9. The habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws

or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

### A.    Petitioner Is Detained Under 8 U.S.C. § 1226(a)

As an initial matter, the Court addresses whether Petitioner is detained mandatorily under 8 U.S.C. § 1225(b)(2), as found by the IJ who presided over Petitioner's bond hearing and as argued by Respondents in their return, or under 8 U.S.C. § 1226(a), which allows an IJ to exercise discretion and release certain detainees pending immigration proceedings. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez,* 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that her mandatory detention under § 1225(b)(2) is unlawful because she is a member of the Bond Denial Class. Dkt. 1 ¶¶ 38, 51–52. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 8 at 3–4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that her mandatory detention under § 1225(b) violates the INA, entitling her to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Thus, the Court concludes that Petitioner is detained under 8 U.S.C. § 1226(a), and the IJ had jurisdiction to release Petitioner pending resolution of her underlying immigration proceedings.

### B.    April 30 Bond Hearing

Having decided that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez*, the Court turns to the bond hearing that has already occurred, which Petitioner challenges as a violation of her due process rights under the Constitution. Dkt. 1 at ¶¶ 60–69. As mentioned, the IJ concluded the April 30 bond hearing by checking boxes that indicated two bases for her decision: first, that she lacked jurisdiction because Petitioner was mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and second, in the alternative, if jurisdiction existed, Petitioner had failed to show she was not a danger to the community or a flight risk. *Id*. Petitioner argues that this decision was an abuse of discretion by the IJ and violated Petitioner's constitutional right to due process. *See, e.g., Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). Respondents respond that Petitioner has failed to exhaust her administrative remedies because she has not appealed the bond denial to the Board of Immigration Appeals ("BIA"). Dkt. 8 at 4–9. *See, e.g., Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

This case presents a conundrum that is becoming a familiar scenario on the Court's immigration habeas docket: Petitioner asks the Court to review a record that presents just one side of the flight risk/danger issue because there is no contemporaneous record of the IJ's reasons for her decision. *See* Dkt. 8 at 5–7 (explaining immigration court practice of not

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

recording bond hearings and only preparing a written decision if a party appeals). Respondents ask the Court to require prudential exhaustion and decline review of the matter until any administrative appeal with the BIA is decided and the record is theoretically better developed. *See id.* at 4–5. In a case such as this one, where there is at least some evidence of criminal history that might have formed the basis for the IJ's bond denial, prudential exhaustion would ordinarily make sense. *See, e.g.*, *Zuo v. Hermosillo*, No. 2:26-cv-00708-JHC, 2026 WL 809882 (W.D. Wash. Mar. 24, 2026) (requiring prudential exhaustion where record showed criminal convictions but no basis for IJ's bond finding). But where the IJ's finding of flight risk or dangerousness was made in the alternative to its ruling on mandatory detention, the BIA's review is unlikely to yield a more meaningful record because it will follow its own precedent in *Matter of Hurtado* and affirm the IJ's decision purely on the jurisdictional ground. *See, e.g.*, *Vazquez Garcia v. Scott*, No. 2:26-cv-01430-TMC, 2026 WL 1723674, at *2 (W.D. Wash. June 15, 2026) (petitioner appealed alternate basis for bond denial to BIA, but BIA affirmed only on mandatory detention ground under *Hurtado*). This makes exhaustion futile.

In the portion of the *Rodriguez Vazquez* class action concerning processing of bond appeals, this Court has previously recognized "the importance of timely appellate procedures to protect the liberty interests of detainees, particularly in pretrial settings." 802 F. Supp. 3d at 1321. Right now, Petitioner has no meaningful option for timely appellate review of her bond denial. Requiring exhaustion and waiting for a BIA appeal would engender delay and ultimately not help this Court consider Petitioner's claim. And yet, without a contemporaneous record of the IJ's bond hearing, this Court cannot assess whether the IJ abused her discretion by denying bond. Under these unusual circumstances—created, yet again, by Respondents' decision to adhere to *Hurtado* in immigration court despite the judgment in *Rodriguez Vazquez*—the Court concludes that due process requires that Petitioner be granted a new bond hearing under

§ 1226(a). Because this Court has now ordered that Petitioner is not subject to mandatory detention, the bond hearing shall focus only on her eligibility for bond under § 1226(a). The immigration court shall also create a contemporaneous record of the bond hearing. If Petitioner is denied bond again, these two safeguards will enable her to meaningfully challenge the bond determination, whether by appeal to the BIA or (if there is a basis for excusing exhaustion) filing a subsequent habeas petition.

Accordingly, the Court GRANTS Petitioner's alternative request for relief in the form of a bond hearing. *See* Dkt. 1 at 19.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Chunhua Lei's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

3. Respondents must create a contemporaneous record of any subsequent bond hearing for Petitioner.

4. If Petitioner is released, Respondents must return to her any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in her bond proceedings.

Dated this 17 day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6